E-FILED
Monday, 11 September, 2006 01:11:54 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT ROCK ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JEFF ALEX MAZON, et al., )<br>)<br>Defendants. )<br>) | Case No. 4:05-040024 |

FILED
SEP 1 1 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## ORDER

THIS MATTER CAME BEFORE THE COURT on the motions of third parties Halliburton Company ("Halliburton"); and Kellogg Brown and Root Services, Inc., Kellogg Brown and Root, LLC, and Kellogg Brown & Root International, Inc. (collectively "KBR"); David J. Lesar; and William P. Utt (collectively "Petitioners") to Quash and/or Modify Rule 17 (c) Subpoenas Issued by Defendant Mazon, and having considered the Motions, the Memoranda in Support thereof, and having heard arguments presented by counsel at a hearing on September 5, 2006, it is hereby

ORDERED, that the Motions are GRANTED as set forth below; and it is

FURTHER ORDERED, that the Subpoena issued to David J. Lesar is quashed; and it is

FURTHER ORDERED, that the Subpoena issued to William P. Utt is modified to a subpoena *duces tecum* directed to Kellogg Brown & Root, LLC; Kellogg Brown & Root Services, Inc.; and Kellogg Brown & Root International, Inc. (collectively

"KBR"), under the care of Chris E. Heinrich, Vice President, Legal Department, KBR as document custodian for KBR for purposes of responding to the subpoena; and it is

FURTHER ORDERED, that the seven requests for documents contained in the subpoenas as originally issued are quashed, or modified as to the subpoena now issued to KBR, as follows:

(a) Defendant Mazon's first request for "all files, 'tainted' and 'untainted,' on the Home Share for Jeff Mazon on the KBR file server" is modified to require the government to produce to KBR as expeditiously as possible the potentially privileged (i.e., "tainted") documents seized pursuant to a search warrant issued on June 10, 2004 and executed on June 19, 2004, and identified by the government's taint team; to require KBR, upon the government providing these documents to KBR, to review these "tainted" documents and produce copies of any such documents for which KBR is not asserting a claim of privilege expeditiously; and to require KBR to prepare a privilege log of any remaining documents over which KBR claims privilege within thirty (30) days of receiving the documents from the government and to provide a copy of such log to the government and Defendant Mazon;

(b) Defendant Mazon's second request for all files / documents "created in Kuwait from November 2002 through June 2003, created, edited, or containing the name 'Jeff Mazon' or the Halliburton User ID 'HBA 7939'" is modified to require KBR to produce to Defendant Mazon any emails in its possession, custody, or control that may be identified through a reasonable search and that have not previously been produced to the government by KBR that either were sent or received by Defendant Mazon from November 2002 to June 2003 relating to the subcontract at issue in the indictment,

GU49-KU-SOOO39; in furtherance thereof, counsel for Defendant Mazon shall promptly confer with and identify for counsel for KBR particular e-mail correspondence to and from Defendant Mazon that would have been received or sent by Defendant Mazon in relation to the subcontract at issue from November 2002 and June 2003 that has not previously been produced by KBR to the government; and, following the production of any identified e-mails, Chris E. Heinrich shall execute a declaration certifying that KBR has searched for and has been unable to locate any such requested e-mails beyond those produced previously to Defendant Mazon or the government;

(c) Defendant Mazon's third request for "all recorded instances of mathematical procurement errors and . . . double conversions" found in KBR documents and government audit reports is quashed;

(d) Defendant Mazon's fourth request seeking both electronic and hard copy originals of documents used to create the cost/pricing data in the Rough Order of Magnitude estimates ("ROMs") for all task orders for the Aerial Port of Debarkation ("APOD") created by any employee of Project Controls or Procurement from December 2002 through June 2003 is quashed;

(e) Defendant Mazon's sixth request for the names and addresses of persons involved in the investigation by KBR of Defendant Mazon's and Defendant Ali Hijazi's relationship and for all documents related to that investigation is modified to require KBR to review its security investigation file related to Defendant Mazon and the matters alleged in the Second Superseding Indictment in this matter and to provide the Court, for an in camera review, copies of any documents from that file that have not been previously been provided to the government;

(f) Defendant Mazon's sixth request for "documentation regarding the purchases of Nuclear Biological Chemical Suits solicited and procured on or about February or March 2003 from La Nouvelle" is quashed;

(g) Defendant Mazon's seventh request for "documentation related to all incoming missile traffic from the Northern Territory into Kuwait . . . in March 2003 and April 2003" is quashed; and it is

FURTHER ORDERED, that third party KBR complete its review of the remaining potentially privileged, potentially responsive documents identified by KBR in its Memorandum of Law and produce any copies of corresponding responsive, non-privileged documents on a rolling basis but in any event no later than October 31, 2006, and that KBR also provide a privilege log to Defendant Mazon and the government identifying any remaining responsive documents over which KBR claims privilege by not later than October 31, 2006.

SO ORDERED, this __11__ day of __Sept__, 2006.

S/Joe B. McDade

The Honorable Joe B. McDade
United States District Judge